IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN XIONG,

                Plaintiff,                OPINION AND ORDER

   v.

                                            20-cv-242-wmc

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,

                Defendant.

---

Plaintiff Brian Xiong asserts a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 12132 *et seq.*, for discrimination based on his race and national origin. Before the court is defendant's motion to transfer this case to the Eastern District of Wisconsin, Green Bay Division, under 28 U.S.C. § 1404(a). (Dkt. #10.) For the reasons that follow, the court will deny that motion.

BACKGROUND

Plaintiff Dr. Brian V. Xiong is an adult resident of the State of Minnesota. Defendant, the Board of Regents of the University of Wisconsin System, is the entity responsible for governance of the University of Wisconsin System, which includes the University of Wisconsin-Oshkosh. The Board of Regents' principal office is located in Madison, Wisconsin, where this court is located.

Xiong began working for UW-Oshkosh in 2018-2019 academic calendar as the Director of Equal Opportunity, Equity and Affirmative Action. After complaining about his own salary, as well as the hiring and employment practices towards other minority candidates and employees, Xiong's employment was terminated on or about March 12,

2019.

UW-Oshkosh is located in the City of Oshkosh, Winnebago County, Wisconsin, which is in the Eastern District of Wisconsin, Green Bay Division. Xiong's address in Newport, Minnesota is approximately 368 miles from the courthouse in Green Bay and 358 miles from the courthouse in Madison. UW-Oshkosh is approximately 50 miles from the courthouse in Green Bay and approximately 90 miles from the courthouse in Madison.

OPINION

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In other words, § 1404(a) authorizes a district court "to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 977 (7th Cir. 2010). Transfer is proper when "(1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties, the convenience of the witnesses, and the interests of justice." *Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods., LLC.*, No. 14-cv-502, 2014 WL 6612881, at *2 (W.D. Wis. Nov. 20, 2014) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)).

I. Proper Venue

As an initial issue, the parties appear to dispute whether venue is proper in this district. In particular, after bringing its motion to transfer under 28 U.S.C. § 1404(a),

which (as just noted) contemplates in part transfer from a judicial district where venue *is* proper, rather than moving to dismiss or for transfer under 28 U.S.C. § 1406(a) or Rule 12(b)(3), defendant appears to argue for the first time in its reply that venue is *only* proper in the Eastern District of Wisconsin.  While an odd tack at best, it is also a mistaken one, since this plaintiff asserts a Title VII claim, whose venue is governed exclusively by 42 U.S.C. § 2000e-5(f)(3).  In pertinent part, that section explains that a Title VII:

> action may be brought in [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C.A. § 2000e-5.  While the second and third provisions contemplate "*the* judicial district" in which records are kept or the plaintiff would have worked, the first provision authorizes an action to proceed in "*any* judicial district" in the entire state "in which the unlawful employment practice is alleged to have been committed."  *Id.* (emphases added).  As such, venue is proper in this judicial district, since both the Eastern *and* Western Districts of Wisconsin are located *in* the State of Wisconsin, where plaintiff expressly alleges his rights under Title VII were violated.  Of course, in case there were any lingering uncertainty, § 2000e-5 further states that "[f]or purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought."  *Id.*  Here, as previously explained, the Board of Regents of the University of Wisconsin System is

3

located in the Western District of Wisconsin.

All of this is to say, that even if defendant had not waived a challenge to this court's venue, such an argument lacks any merit. Of course, defendant is correct -- and plaintiff does not dispute -- that venue is *also* proper in the Eastern District of Wisconsin, satisfying the third provision -- that plaintiff would have worked in the Eastern District but for the alleged discrimination -- and likely the second provision -- given defendant's representation that the employment records specific to plaintiff's action are also located in the Eastern District. With that initial dispute aside, the court's analysis is limited to the private and public interest factors under § 1404(a).

## II. Private Interests

While courts have broad discretion in weighing private considerations for and against transfer in light of the specific circumstances, deference to a plaintiff's original choice of forum is generally due. *See Sinochem Int'l Co. v. Malay Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("A defendant . . . ordinarily bears a heavy burden in opposing the plaintiff's chosen forum"). Even so, less deference accrues to a plaintiff's choice of forum that is neither his home nor the situs of material events. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). This flows from the assumption that a foreign plaintiff has not elected the forum for convenience, but rather for strategic advantage. *Sinochem*, 459 U.S. at 430. Still, though weakened, the presumption in favor of a foreign plaintiff's chosen forum remains, and it is not to be upset unless convenience and the interests of justice strongly point towards transfer. *See Fabio v. Diversified Consultants, Inc.*, No. 13-CV-00524-WMC, 2014 WL 713104, at *6 (W.D. Wis. Feb. 25, 2014) ("While this district is not in

plaintiff's home state, the court will not disturb his choice of forum unless the transfer factors strongly favor the defendant.") (citing *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663 (7th Cir. 2003)).

While plaintiff Xiong now resides in Minnesota, he could not have filed this lawsuit in his home forum given the constraints of Title VII's venue provision. Moreover, while the events giving rise to his claim arguably were focused at UW-Oshkosh, which is located in the Eastern District, to the extent plaintiff's claim concerns UW policies more broadly, this judicial district also has a connection to the claim given the Board of Regents' principal office is here in Madison.

As for the convenience of the parties and witnesses, defendant contends that the "witnesses and resources necessary for this case are also located in the Eastern District, Green Bay division." (Def.'s Opening Br. (dkt. #10) 4.) While the court credits this argument to an extent, the courthouse in Madison is also still relatively convenient. Measured in terms of time, the driving distance to the courthouse in Madison from UW-Oshkosh is approximately one hour and 35 minutes, as compared to 52 minutes from UW-Oshkosh to the federal courthouse in Green Bay. *See* Google Maps, www.google.com (driving directions from UW-Oshkosh to 120 N. Henry Street, Madison, Wisconsin, and UW-Oshkosh to 125 S. Jefferson Street, Green Bay, Wisconsin). Moreover, given the increasing use of videoconference for all but the most crucial witnesses at trial, this limited difference in travelling distance is even less significant. Finally, purely based on the location of UW-Oshkosh, to the extent any of the witnesses are no longer employed by defendant, they remain within this court's subpoena power. *See* Fed. R. Civ. P. 45(c)(1).

5

As for the location of the records or other evidence material to this lawsuit, the court places little weight on their location given the ease of electronic transfer of records, or, at minimum, defendant stops short of explaining why it would be more convenient to access or transmit those records if this case were to proceed in the Eastern District. *See Sentry Select Ins. Co. v. McCoy Corp.*, 980 F. Supp. 2d 1072, 1078 (W.D. Wis. 2013) (placing no weight on the location of law enforcement records given that the records and documents can be mailed or electronically transferred). At minimum, therefore, the court cannot find that the Eastern District is *clearly* more convenient. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir.1986) (explaining that defendant carries the burden of proving that "the transferee forum is clearly more convenient").

**III. Public Interests**

The interests of justice "is a separate component of a § 1404(a)(3) transfer analysis," which may be determinative and demand a decision contrary to analysis of relative convenience. *Coffey*, 796 F.2d at 220. Traditionally, this analysis relates to the "efficient administration of the court system," considering such factors as: (1) the district in which the litigants would receive a speedier trial; (2) whether there is related litigation in the transferee district that may allow consolidation; (3) the courts' relative familiarity with the applicable law; and (4) the relation of each community to the controversy at issue. *Id.* at 221.

As defendant acknowledges, this court's time to trial is slightly faster than the Eastern District as a general proposition, and in light of the fact that a schedule has already been set in this case, including a firm trial date of October 4, 2021, it is highly unlikely

that the Eastern District would be able to set this case for trial on a comparable schedule. At minimum, therefore, this factor weighs against a transfer. While factors two and three appear to be wash, defendant contends that the fourth factor -- the relation of each community to the controversy -- weighs in favor of transfer. However, even this is a close question. Certainly, Marathon County, located in the Eastern District, may have the strongest connection to the parties' dispute given the location of UW-Oshkosh. However, given the allegation of race discrimination by UW employees, the Western District also has an interest in this lawsuit, as the location of the University System's principal office.

Considering both the relevant private and public interests, therefore, nothing weighs in favor of transfer, or even if it slightly does, those interests are not enough to outweigh the deference due plaintiff's interest in his choice of forum, weakened though it might be.

Accordingly, the court will deny the motion to transfer.

ORDER

IT IS ORDERED that defendant the Board of Regents of the University of Wisconsin System's motion to transfer to Eastern District Green Bay Division (dkt. #10) is DENIED.

Entered this 6th day of May, 2021.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

7