# Exhibit A



**Hawks Quindel** s.c.
ATTORNEYS AT LAW

MADISON OFFICE
P.O. Box 2155
Madison, WI 53701-2155
PH: 608-257-0040  FAX: 608-256-0236

October 29, 2020

**VIA ELECTRONIC AND U.S. MAIL**

Attorney Rachel L. Bachhuber
Attorney Anne M. Bensky
Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
Email: bachhuberrl@doj.state.wi.us
Email: benskyam@doj.state.wi.us

    Re:    ***Dr. Brian V. Xiong v. Board of Regents of the University of WI System***
              W.D. Case No.: 20-cv-242

Dear Counsel:

    Enclosed please find Plaintiff's First Set of Requests for Admission, Interrogatories and Requests for Production of Documents in regard to the above matter. Pursuant to statute, we are retaining the original in our file.

    Please let me know if you have any questions or concerns.

                              Kind Regards,

                              Nicholas E. Fairweather

NEF/jla
Enclosure

Cc:    Dr. Brian Xiong (via email only)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DR. BRIAN V. XIONG,

      Plaintiff,                                     Case No.: 20-cv-242

     v.

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,

      Defendant.

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

To:    Board of Regents of the University of Wisconsin System
       c/o Attorneys Rachel L. Bachhuber and Anne M. Bensky
       Wisconsin Department of Justice
       Post Office Box 7857
       Madison, Wisconsin 53707-7857

    Plaintiff, Dr. Brian V. Xiong, through his attorneys, Hawks Quindel, S.C., by Nicholas E. Fairweather and Hayley I. Archer, hereby serves Defendant with the following Requests for Admission, Interrogatories and Requests for Production of Documents, pursuant to Federal Rules of Civil Procedure 33, 34, and 36. Defendant should respond within thirty (30) days of this request at the offices of Plaintiff's attorneys, Hawks Quindel, S.C., 409 East Main Street, Madison, Wisconsin 53703. Defendant is further instructed to produce documents, electronically stored information and tangible things for inspection as they are kept in the usual course of business.

## INSTRUCTIONS AND DEFINITIONS

1. The documents requested for production include those in the possession, custody, or control of Defendant and its agents, representatives and attorneys.

2. Unless otherwise indicated, the Requests for Admission (hereinafter, "admissions"), Interrogatories (hereinafter, "interrogatories"), and Requests for Production of Documents (hereinafter, "production requests") refer to the time, place, and circumstances of the occurrences described in the Complaint.

3. At all times in these instructions and definitions, the admissions, interrogatories, and production requests will be referred to generally and/or collectively as the "request(s)."

4. Each request is to be answered separately, under oath, in writing, and the answers may be used as evidence in subsequent proceedings, including a trial in this action.

5. The term "document(s)" refers to any written, printed, or electronically produced or stored matter of every kind or sort, regardless of form, including the originals and all non-identical copies, whether different from the original by reason of any notation made on the copies or otherwise, including, without limitation, correspondence, memoranda, notes and personal notes, diaries, statistics, letters, materials, invoices, orders, directives, interviews, telegrams, minutes, reports, studies, statements, transcripts, summaries, pamphlets, books, interoffice and intra-office communications and emails, notations of any sort of conversations, telephone calls, meetings, or other communications: bulletins, printed matter, teletype, telefax,

worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing: graphic or aural recordings or representations of any kind, including, without limitation, tapes, cassettes, cartridges, discs, chips and records, summaries, digests, data and compilations of data, correspondence, messages, diaries, articles, publications, books, reports, studies, instructions, contracts, forms, charts, graphs, drawings, photographs, video or audio recordings, computer tapes, discs, cards, printouts, whether handwritten, typewritten or printed, copied, photographed, electronically stored or otherwise stored or reproduced. The term "document(s)" also includes every copy of each document that contains any writing, notation, or other marking that does not appear on the original, within the possession, custody, or control of Defendant, its agents, counsel, representatives, and retained witnesses.

    For each such document, Defendant is requested to identify each person known to Defendant who has personal knowledge of the subject matter or contents of the document, and state its author(s), its date, and, if it bears no date, the date on which it was prepared, the name(s) of the person(s) who participated in its preparation, all persons who received or who had or presently have authority to receive, see or have access to the document itself or a copy of it, and its present location(s), and identify the custodian(s) of the original document and all copies or any form thereof.

    6.    The phrase "all documents that relate to" shall also mean all documents that refer to, reflect or describe the subject matter of the request.

7. Copies, if authenticated, of the original documents may be supplied in response.

8. Each request should be responded to separately; however, a document that is the response to more than one request may, if the relevant portion is so marked or indexed, be produced and referred to in a later response.

9. Each production request refers to all documents that are known by Defendant to exist or that can be located or discovered by reasonably diligent efforts by Defendant.

10. With respect to any document for which Defendant claims any privilege, Defendant is requested to identify each document and clearly state each privilege claimed for the document, identify each person known to Defendant who has personal knowledge of the subject matter or contents of the document and state its author(s).

11. "You" or "your" means Defendant, Board of Regents of the University of Wisconsin System, and all other persons or entities acting or purporting to act on its behalf.

12. "Person" includes, without limitation, a natural person or persons, corporation, association, partnership, governmental agency, and any other entity of every nature and type.

13. "Identify" (or "state the identity of") with respect to a natural person means to state the person's full name, current or last known residence and business address, telephone number, and email address, current or last known employer, that

employer's address and the current or last known position or job title the person held with such employer.

14. "Identify" (or "state the identity of") with respect to an entity (not a natural person) means to state its full name, the address of its principal place of business, and its telephone number.

15. "Identify" (or "state the identity of") with respect to a document means (1) to state the date of such document, if any; (2) to state a general description thereof; (3) to identify the signer, preparer, and sender thereof; (4) to state its present location and identify its custodian; and (5) to state descriptive information of sufficient particularity to enable said document to be subject to a subpoena duces tecum or request for its production.

16. "Describe" when used in reference to a factual situation means to state with particularity and in detail all facts known to you connected with, bearing upon, or relating in any way to matters contained in these interrogatories.

17. "Describe" when used in reference to written, electronic, or oral communication means to state in detail (1) the type of document or other communication; (2) the date made; (3) the persons involved in the communication; (4) the present location of the document or other recorded evidence of the communication; and (5) the subject matter of the document or other communication, including the factual setting in which made, substantive content, and purpose of communication.

18.     Whenever the phrase "state each and every fact on which you base this contention," or any grammatical equivalent or variant thereof, is employed in these interrogatories, it means that you are requested to fully and completely set forth, describe and identify each and every act, occurrence, omission, transaction, document and conversation that you claim or contend constitutes the facts in support of the claim, contention, or allegation referred to.

**PLEASE NOTE** that, pursuant to Fed. R. Civ. P., Defendant is under a continuing duty to reasonably supplement Responses with documents and answers obtained or discovered after the preparation and filing of a response to each request.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Admit that the position into which Plaintiff was hired was "Director of Equal Opportunity, Equity and Affirmative Action" and that Plaintiff was to begin the position at the outset of the 2018-2019 academic year.

**REQUEST FOR ADMISSION NO. 2:** Admit that Defendant's employees James Fletcher ("Fletcher") and Kate McQuillan ("McQuillan") were Plaintiff's direct supervisors during his employment with Defendant.

**REQUEST FOR ADMISSION NO. 3:** Admit that in May 2018, the job posting for the position of Director of Equal Opportunity, Equity, and Affirmative Action listed the annual salary as $109,000.00.

**REQUEST FOR ADMISSION NO. 4:** Admit that Plaintiff responded to the job posting referenced in Request for Admission No. 3 in May 2018.

**REQUEST FOR ADMISSION NO. 5:** Admit that Plaintiff was hired into a position titled "Director of Affirmative Action" with a starting annual salary of $80,000.00.

**REQUEST FOR ADMISSION NO. 6:** Admit that the job requirements for Director of Affirmative Action were substantially similar to the job requirements for the posted Director of Equal Opportunity, Equity, and Affirmative Action.

**REQUEST FOR ADMISSION NO. 7:** Admit that Plaintiff's predecessor drew an annual salary well above $80,000.00.

**REQUEST FOR ADMISSION NO. 8:** Admit that in February 2019 Plaintiff submitted a formal request for an equity review of his compensation level.

**REQUEST FOR ADMISSION NO. 9:** Admit that on or around March 4, 2019, Plaintiff met with McQuillan.

**REQUEST FOR ADMISSION NO. 10:** Admit that during the meeting referenced in Request for Admission No. 9, Plaintiff reported that the University's hiring and employment practices toward minority candidates and employees evidenced animus based on the applicants' and employees' race.

**REQUEST FOR ADMISSION NO. 11:** Admit that Plaintiff's employment was terminated on or about March 12, 2019.

**REQUEST FOR ADMISSION NO. 12:** Admit that Plaintiff was terminated because of his race (Asian) and national origin (Hmong) and because of his opposition to discrimination against himself and others in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7

## INTERROGATORIES

**INTERROGATORY NO. 1:** If your answer to any of the foregoing Requests for Admission is anything other than an unqualified admission, state in detail the facts, the application of law to fact or opinions about either that support each such denial or qualified admission.

**INTERROGATORY NO. 2:** Identify each person who assisted or otherwise provided information Defendant relied upon in answering this First Set of Requests for Admission, Interrogatories, and Requests for Production of Documents.

**INTERROGATORY NO. 3:** Identify and describe in detail any complaints or charges of discrimination made against Defendant by any other employee or former employee (besides the complaint presently at issue) relating to the complaining party's employment at the University of Wisconsin - Oshkosh during the last five (5) years. Identify the name of the employee, the case or charge number, and the outcome of the complaint.

**INTERROGATORY NO. 4:** If Defendant or anyone acting on Defendant's behalf has obtained written or recorded statements regarding any of the events or facts relevant to Plaintiff's discrimination complaint, state:

    a.    The name and last known address of each person from whom the statements were taken;

    b.    The date on which the statements were taken;

    c.    The names and last known addresses of the persons who took the statements;

    d.    The names and last known addresses of the persons having present custody of the statements;

8

  e. Whether the statements were written or recorded; and

  f. The substance of each statement.

**INTERROGATORY NO. 5:** Identify each and every employment benefit (including, but not limited to, health, life and disability insurance, pension plan, profit sharing, bonus plan, savings plan, IRA and stock option plan, etc.) for which Plaintiff was eligible while employed by Defendant.

**INTERROGATORY NO. 6:** Provide wage and salary information including any bonus payments made to Plaintiff during his employment with Defendant.

**INTERROGATORY NO. 7:** Describe Plaintiff's job responsibilities as the Director of Affirmative Action during his employment with Defendant.

**INTERROGATORY NO. 8:** Identify and describe any communications made by Defendant, its agents and employees, regarding Plaintiff's job performance.

**INTERROGATORY NO. 9:** Describe the job responsibilities for the position of Director of Equal Opportunity, Equity, and Affirmative Action as they were posted in May 2018.

**INTERROGATORY NO. 10:** Provide all reasons for Plaintiff's starting salary being set at $80,000.00 rather than the amount posted on the job listing ($103,000.00).

**INTERROGATORY NO. 11:** Explain why Plaintiff was not hired into the position of Director of Equal Opportunity, Equity, and Affirmative Action.

**INTERROGATORY NO. 12:** Identify all individuals who had input into the decision to post the position of Director of Equal Opportunity, Equity, and Affirmative Action.

**INTERROGATORY NO. 13:** Describe the selection process in step by step detail as to how candidates were evaluated and selected for the subject position.

**INTERROGATORY NO. 14:** Explain fully the safeguards used, if any, employed and put into place by the selecting and/or recommending officials and communicated to the supervisors/managers involved in the candidate selection for Plaintiff's position, the purpose to protect against possible or potential bias or discriminatory actions prohibited by law in the selection and hiring process.

**INTERROGATORY NO. 15:** Identify and explain the stated criteria given by the selecting official and/or selection panel, either individually or jointly, or by and through the coordinating selecting official, to be used in selecting a candidate for the subject position.

**INTERROGATORY NO. 16:** Identify any and all individuals who participated in any investigation initiated by Defendant in response to Plaintiff's reports of discrimination against other employees and describe the actions of such individuals in detail.

**INTERROGATORY NO. 17:** Identify any and all individuals who participated in any investigation initiated by Defendant in response to Plaintiff's own personal complaints of harassment by Defendant and describe the actions of such individuals in detail.

**INTERROGATORY NO. 18:** Identity all persons involved in the decision to terminate Plaintiff's employment on or about March 12, 2019.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** All documents reviewed or relied upon in answering Plaintiff's First Set of Requests for Admission, Interrogatories and Requests for Production of Documents.

**REQUEST NO. 2:** All documents on which Defendant relied or generated as a result of its decision to terminate Plaintiff.

**REQUEST NO. 3:** Plaintiff's complete personnel file, including all performance evaluations, performance improvement plans, improvement reports, and disciplinary records.

**REQUEST NO. 4:** All documents, whether or not included in Plaintiff's personnel records, which in any way pertain to Plaintiff's job performance while employed by Defendant.

**REQUEST NO. 5:** All handbooks, personnel policies, procedures, manuals, and other documents (including drafts) describing in any way Defendant's personnel policies and procedures on hiring, employment agreements, terminations, reductions in force, layoffs, discipline, employee benefits, safety requirements, job performance, performance evaluations, policies regarding working remotely, and salary and benefit administration from 2015 to the present, including all supervisory or procedure manuals that may or may not be disseminated to employees.

**REQUEST NO. 6:** All documents and electronically stored information, including, but not limited to, emails, notes, memoranda, recordings, or other communications any of Defendant's employees or representatives created, received, or reviewed, from August 2017 to the present related to the position of Director of Equal Opportunity, Equity, and Affirmative Action.

**REQUEST NO. 7:** All documents and electronically stored information, including, but not limited to, emails, notes, memoranda, recordings, or other communications any of Defendant's employees or representatives created, received, or reviewed, from August 2017 to the present which relate to the position of Director of Affirmative Action.

**REQUEST NO. 8:** To the extent not already produced in response to the foregoing requests, any and all documents you contend support any of your defenses to the Complaint in this matter.

**REQUEST NO. 9:** A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason. This list should identify each document by its name, date, author and recipient and specify the reason for withholding it from production.

**REQUEST NO. 10:** A copy of Kate McQuillan's professional calendar from March 2019.

**REQUEST NO. 11:** All documents and electronically stored information, including, but not limited to, emails, notes, memoranda, recordings, or other communications any of Defendant's employees or representatives created, received, or reviewed, related to Plaintiff's March 4, 2019 meeting with Kate McQuillan.

**REQUEST NO. 12:** A copy of James Fletcher's professional calendar from March 2019.

**REQUEST NO. 13:** All documents and electronically stored information, including, but not limited to, emails, notes, memoranda, recordings, or other communications any of Defendant's employees or representatives created, received, or reviewed, related to Plaintiff's meeting on or around March 6, 2019 with James Fletcher.

**REQUEST NO. 14:** All documents and electronically stored information, including, but not limited to, emails, notes, memoranda, recordings, or other communications any of Defendant's employees or representatives created, received, or reviewed, related to Plaintiff's request for an equity review of his compensation level.

**REQUEST NO. 15:** All job postings for the position of Director of Equal Opportunity, Equity, and Affirmative Action from January 1, 2017 to present.

**REQUEST NO. 16:** All job postings for the position of Director of Affirmative Action from January 1, 2017 to present.

**REQUEST NO. 17:** Compensation schedules for all Directorial positions at UW-Oshkosh from January 1, 2018 to present.

Dated this 29th day of October, 2020.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Plaintiff, Dr. Brian V. Xiong*

        By: */s/ Nicholas E. Fairweather*
        Nicholas E. Fairweather, State Bar No. 1036681
        Email: nfairweather@hq-law.com
        Hayley I. Archer, State Bar No.: 1101459
        Email: harcher@hq-law.com
        409 East Main Street
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236