IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN XIONG,

                Plaintiff,                       OPINION AND ORDER

v.

                                                20-cv-242-wmc

BOARD OF REGENTS OF THE
UNIVERSITY OF WISCONSIN SYSTEM,

                Defendant.

---

      Plaintiff Brian Xiong alleges that his former employer, the University of Wisconsin-Oshkosh, discriminated against him on the basis of his race and national origin, as well as retaliated against him when he complained about race discrimination in the University's hiring and promotion practices. This court originally granted summary judgment in defendant's favor on all of plaintiff's claims, but the Seventh Circuit reversed and remanded the case on plaintiff's Title VII retaliation claim. *Xiong v. Bd. of Regents of Univ. of Wisconsin Sys.*, 62 F.4th 350 (7th Cir. 2023). The case is scheduled for jury trial on plaintiff's retaliation claim on September 18, 2023, with a final pretrial conference on September 5, 2023 at 2:30 p.m. The following order addresses the parties' motions in limine.

OPINION

**I. Plaintiff's Motion in Limine (dkt. #90)**

      Plaintiff moves to preclude defendant from introducing evidence regarding a retaliation claim against a previous employer that was settled approximately one year

before plaintiff started working for defendant. Specifically, plaintiff was terminated from his job at Minnesota State Community and Technical College after six months of employment. He then filed a complaint with the EEOC, alleging that his termination was in retaliation for his complaining about a position being given to a white person, rather than a more qualified person of color. Plaintiff's claim was settled without litigation. He now argues that evidence regarding that previous complaint would be improper "other acts" evidence that should be precluded under Federal Rule of Evidence 404(b).

The court agrees with plaintiff. As the Seventh Circuit has explained, evidence of past litigation should be excluded unless the evidence "tend[s] to establish something other than [the plaintiff's] propensity to sue his employers." *Gastineau v. Fleet Mortgage Co.*, 137 F.3d 490, 495 (7th Cir. 1998); *see also Nelson v. City of Chicago*, 810 F.3d 1061, 1071 (7th Cir. 2016) (there are only "rare exceptions" in which evidence of a party's prior litigation should be admitted to a jury). Here, defendant argues that plaintiff's prior EEOC charge is not being offered to establish his propensity to sue, but rather to show "his motive, knowledge and skillset in maneuvering situations in the human resources setting as Director of Affirmative Action at institutions of higher education." (Dft.'s Br. (dkt. #105) 2.) Defendant does not explain how this differs from showing his propensity to sue, or at least to perceive retaliation when confronted with it. Regardless, and the court is persuaded that any minimal relevance is far outweighed by the very real risk of unfair prejudice and jury confusion that its introduction would cause. In particular, there is a strong risk that the jury would view plaintiff as a serial litigator, someone who manufactures retaliation claims when faced with termination of his employment, to say nothing of the risk of a

minitrial into the merits of plaintiff's previous retaliation claim. For those reasons, plaintiff's motion is GRANTED and there will be no reference to this earlier claim or its resolution.

## II. Defendant's Omnibus Motion in Limine (dkt. #85)

**1. Exclude any argument, questions, testimony, evidence or request for punitive damages**

This motion is GRANTED as unopposed.

**2. Exclude any reference to the details of any other lawsuits or administrative complaints against the Board of Regents of the University of Wisconsin System or the Board's current or former employees**

Defendant contends that plaintiff should be precluded from introducing evidence and argument regarding prior complaints and lawsuits against the University because such evidence would be irrelevant, improper character or "other acts" evidence, and unduly prejudicial. The court agrees with defendant, with one caveat. As plaintiff points out, the basis of his retaliation claim is that he investigated and reported discrimination complaints to his supervisor, James Fletcher, and that evidence is directly relevant to his retaliation claim because he must show that he engaged in statutorily protected activity. *See Xiong*, 62 F.4th at 334–35. Thus, plaintiff may introduce evidence only of the reports of discrimination in connection with the Human Resources Department that he made to Fletcher on March 6, 2019, as discussed in the Seventh Circuit's decision, *id.* at 356, but he may not introduce any other claims or complaints against the University. Accordingly, this motion is GRANTED IN PART and DENIED IN PART.

3. **Exclude reference to the details of any of the claims that were dismissed by the court on summary judgment and affirmed by the Seventh Circuit**

This motion is GRANTED as unopposed.

4. **To bifurcate trial into liability and damages phases**

This motion is GRANTED as unopposed and consistent with this court's ordinary practice.

5. **Exclude reference to, in the form of testimony, exhibit, or attorney argument (except to the court for purposes of computing equitable damages) and reference to the Board's ability to pay claims, reinstate employees, or engage in any other equitable relief**

This motion is GRANTED as unopposed.

ORDER

IT IS ORDERED that:

1) Plaintiff Brian Xiong's motion in limine (dkt. #90) is GRANTED.

2) Defendant Board of Regents of the University of Wisconsin System's motions in limine (dkt. #85) are GRANTED IN PART and DENIED IN PART as set forth above.

Entered this 1st of September, 2023.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge